IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 10, 2010

## STATE OF TENNESSEE v. CHRISTOPHER ANTHONY HOLMAN

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 33859, 40284, 40500985, 40600101, 40600102, 40600212, 40601288**
**John H. Gasaway, Judge**

_____

**No. M2010-01005-CCA-R3-CD - Filed September 15, 2011**

_____

Defendant, Christopher Anthony Holman, appeals from the Montgomery County Circuit Court's sentencing of him on multiple felonies following entry of "open" guilty pleas. Defendant does not challenge the length of the sentences imposed by the trial court, and does not contest the trial court's order of partial consecutive sentencing. The sole issue on appeal is Defendant's assertion that the order of service by incarceration of the effective sentence of twenty-two years is error. He argues that he "should be resentenced with the opportunity to enter a drug rehab [sic] program that accepts sex offenders." After review, we affirm the judgments of the trial court.

**Tenn. R. App. P. Appeal as of Right; Judgments of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and ALAN E. GLENN, JJ., joined.

Gregory Dean Smith, Clarksville, Tennessee, for the appellant, Christopher Anthony Holman.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Arthur Bieber, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

### I.  Background

According to judgments in the record, on May 17, 2007, Defendant pled guilty to the following offenses for which he received the indicated sentences:

| | |
|---|---|
| Failure to register as a sex offender a Class E felony | 3 years, Range II multiple offender |
| Possession with intent to sell more than 0.5 grams of cocaine a Class B felony | 10 years, Range I standard offender |
| Sale of more than 0.5 grams of cocaine a Class B felony | 10 years, Range I standard offender |
| Sale of more than 0.5 grams of cocaine a Class B felony | 10 years, Range I standard offender |
| Violation of sexual offender registry law a Class E felony | 3 years, Range II multiple offender |

All of these sentences were ultimately ordered to be served concurrently with each other for an effective sentence of ten years for the above felonies.  However, sentencing was not imposed until three years after the guilty pleas were entered.  At the time he entered the guilty pleas, sentencing was delayed because Defendant was furloughed to a program known as "Teen Challenge."  Defendant was "kicked out" from Teen Challenge, and rather than return to the trial court for sentencing, he absconded and was not found for approximately two years.

According to part of the appellate record, at the time that the above-referenced felonies were committed, Defendant was serving multiple felony and misdemeanor convictions on Community Corrections from guilty pleas in the Montgomery County Circuit Court in 1999.  He received an effective sentence of twelve years for these prior convictions of two counts of misdemeanor vandalism, one count of felony vandalism, driving on a revoked license, two counts of possession of more than 0.5 grams of cocaine with intent to sell, and one count of criminal trespass.

As of March 29, 2010, when the trial court held its sentencing hearing. Defendant had already admitted in court that he violated his twelve-year Community Corrections sentence, and he had waived his right to a hearing, except as to disposition.

At the sentencing hearing the State's proof consisted of submitting the presentence report, which was admitted into evidence without objection. Defendant testified that the Teen Challenge was a drug rehabilitation program that was supposed to last one year. After seventy-two days he was "kicked out" of the program because Teen Challenge discovered Defendant was a sex offender. Defendant admitted that he was aware at the time he was kicked out that he was required to then report back to the Montgomery County Circuit Court for sentencing. He explained that he did not return to court because he was upset about the situation. Defendant testified that during the two years after he was kicked out of Teen Challenge, and before he was taken back into custody, he worked and regularly attended Alcoholics Anonymous and Narcotics Anonymous meetings. He also attended church regularly and obtained his "GED." He paid child support each week for his eight children. His work consisted of home improvement contract work for his employer, and it was a full-time job. Defendant testified that he had found a drug rehabilitation facility in Memphis that he could enter, despite being a sex offender, if he was not incarcerated. Defendant testified that he could successfully complete the one year program in Memphis if given the chance.

The presentence report shows that Defendant's criminal record began when he was eighteen years old, with a misdemeanor vandalism conviction. After that, he was convicted of two felony cocaine offenses and was placed on Community Corrections. While on Community Corrections, he committed new offenses on at least five different dates which led to convictions for driving on a revoked license, sexual battery, two charges of evading arrest, and a misdemeanor drug possession. The trial court's summary of Defendant's prior record at the beginning of the sentencing hearing, which was undisputed by Defendant who was given the opportunity to point out mistakes, does not exactly match the history set forth in the presentence report. The presentence report is less detailed. Nevertheless, the criminal history alluded to by the trial court when it was making the sentencing determination is fully documented in other portions of the record.

As to the sole issue brought by Defendant in this appeal, whether the sentencing should have been structured to allow him to return to a rehabilitation facility for one year, the trial court made the following findings pertinent to the issue. Defendant committed several crimes while serving a sentence on Community Corrections; Defendant was obligated to return to Montgomery County Circuit Court when he was "kicked out" of Teen Challenge, but instead absconded for two years; Defendant had previously unsuccessfully been placed on probation, Community Corrections, and furlough status; Defendant's long history of criminal conduct, starting at age 18 and continuing through his early 30's, calls for

confinement to protect society; and confinement was necessary to avoid depreciating the seriousness of Defendant's criminal conduct.

On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. *See* Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Comments; *see also State v. Arnett*, 49 S.W.3d 250, 257 (Tenn. 2001). When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record with a presumption that the determinations made by the court from which the appeal is taken are correct. Tenn. Code Ann. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999); *see also State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008). If our review reflects that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely de novo without the presumption of correctness. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991); *see also Carter*, 254 S.W.3d at 344-45.

In conducting a de novo review of a sentence, this Court must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement the defendant wishes to make in the defendant's own behalf about sentencing. Tenn. Code Ann. § 40-35-210(b); *see also Carter*, 254 S.W.3d at 343*; State v. Imfeld*, 70 S.W.3d 698, 704 (Tenn. 2002).

We have carefully reviewed the entire record in light of all applicable statutory provisions regarding sentencing. The trial court did an exemplary job in sentencing Defendant. It would defy logic for Defendant to again be placed on any manner of service of his sentences other than incarceration. Accordingly, Defendant is not entitled to relief in this appeal.

**CONCLUSION**

The judgments of the trial court are affirmed.

_____
THOMAS T. WOODALL, JUDGE